## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNYSLVANIA

IN RE:  METROPOLITAN LIFE
INSURANCE COMPANY
SALES PRACTICES LITIGATION

MISC. DOCKET NO. 96-179
MDL NO. 1091

This matter relates to:
Citrino v. Metropolitan Life Insurance
Company, et al.,
Docket No. MID-L-8527-05 (N.J. Super. Ct. Law Div.)

CHIEF JUDGE AMBROSE

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

B. John Pendleton, Jr., Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Attorneys for Defendants

Defendants respectfully request this Court to exercise its retained jurisdiction and issue an Order, pursuant to the All Writs Act, 28 U.S.C. § 1651(a) enjoining plaintiffs in the action captioned <u>Joseph Citrino and Alynn Stolz Citrino v. Metropolitan Life Insurance Company, et al.</u>, Docket No. MID-L-8527-05, pending in the Superior Court of New Jersey, Law Division, Middlesex County, from pursuing plaintiffs' MDL-Released claims. In support of the motion, defendants state as follows:

1.      The All Writs Act specifically empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). It is well-settled that the All Writs Act provides federal courts with broad injunctive powers to protect their own previous judgments. <u>See</u> <u>In re Diet Drugs</u>. 282 F.3d 220 (3d Cir. 2002); <u>see also</u> <u>In re Prudential Ins. Co. of Am. Sales Practices Litig.</u>, 261 F.3d 355, 365 (3d Cir. 2001).

2.      An injunction is proper and necessary here because plaintiffs, in direct contravention of this Court's Orders, are relitigating released claims in another action.

3.      On August 18, 1999, this Court preliminarily approved a proposed settlement and class-notice plan presented by the parties in <u>In re Metropolitan Life Insurance Co. Sales Practices Litigation</u>, Misc. Docket No. 96-179, MDL 1091 (W.D. Pa.) (the "MDL"). <u>See</u> Ex. A, Findings and Order Conditionally Certifying a Class for Settlement Purposes.

4.      The settlement class consisted of:

> **all persons or entities ("Class Members") who have or had an ownership interest in any permanent life insurance policy** ("Policy") or any deferred annuity contract or certificate ("Annuity") issued by Metropolitan Life Insurance Company, Metropolitan Insurance and Annuity Company, or Metropolitan Tower Life Insurance Company in the United States during the period **from January 1, 1982, through December 31, 1997**.

<u>See</u> <u>id.</u>, ¶ 2 (emphasis added).

5.     This Court's Order required that all potential class members who did not wish to participate in the proposed settlement to submit written requests for exclusion from the settlement class. See Ex. A, ¶ 14.

6.     On December 28, 1999, this Court approved the class-action settlement and dismissed all settlement class members' claims "*on the merits and with prejudice.*" See Ex. C, Final Order Approving Class Action Settlement ("Settlement Order"), ¶ 21 (emphasis added).

7.     The MDL Settlement Order decreed that "[t]he terms of the Settlement Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiffs and all other class members." Id., ¶ 11.

8.     The MDL Settlement Order and Final Judgment discharged MetLife and its representatives from *all* claims by settlement class members "arising from or related to the 'Released Transactions.'" The released transactions are defined as:

> any and all claims arising out of, concerning, or in any way relating to the marketing, solicitation, application, underwriting, issuing, pricing, charges, rates, acceptance, sale, purchase, operation, retention, administration, servicing or performance of any Policy; and any and all claims arising out of, concerning, or in any way relating to the matters alleged in the Complaint and Amended Complaint.

Ex. C, Settlement Order, ¶ 12 (emphasis added); see also Ex. D, Stipulation of Settlement, ¶ 75. The Amended Consolidated Class Action Complaint contains allegations concerning "replacement" transactions and the use of forgery in those transactions – the same allegations that plaintiffs make in their Complaint. See Am. Comp., ¶ 55(b); Ex. H, Comp., ¶¶ 4-9. These claims are a part of the Released Transactions as defined above.

9.     As part of the Settlement Order and the Final Judgment, this Court entered a Permanent Injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), permanently enjoining

2

all settlement class members, or those purporting to act on their behalf from "starting or

continuing any other lawsuit or proceeding . . . if that other suit is based on or relates to the

claims, facts, or circumstances in this Action and/or Released Transactions." Ex. C, Settlement

Order, ¶ 13(b); Ex. E, Final Judgment.

## A.    Plaintiffs Failed to Opt-Out of the MDL Class Action

10.    The Complaint establishes that plaintiffs are  members of the nationwide

settlement class certified in the MDL action.[1]

11.    As members of the MDL class, plaintiffs received Class Notice Packages.  See

Ex. G. Affidavit of Tiffany A. Allen ("Allen Aff."), ¶ 3.  Included in that class-notice package

was a "Notice of Class Action, Proposed Settlement, and Fairness Hearing" (the "Notice").  See

Ex F, Notice.  The first page of the notice, in all capital letters, provides:

> IF YOU DO NOT EXCLUDE YOURSELF FROM THE CLASS .
> . . YOU WILL GIVE UP ANY CLAIMS ARISING FROM THE
> SALE AND PAST SERVICING OR ADMINISTRATION OF
> YOUR POLICY OR ANNUITY . . . .

Id.

12.    Importantly, plaintiffs did not exclude themselves or their policies from the

settlement class certified and approved by this Court.  See Ex. G., Allen Aff. at ¶ 4-5.  In fact,

not only did plaintiffs fail to exclude themselves from the settlement, they also failed to

participate in the Claims Evaluation process.  Id. at ¶ 5.Therefore, as class members, plaintiffs

released all of their claims relating to their annuities in exchange for class relief.

13.    Plaintiffs' state court Complaint is based on defendants' alleged use of forgery to

---

[1] Class" or "Class Member" is defined in the Stipulation of Settlement as "all persons or entities who have or had an ownership interest in any Permanent Life Insurance Policy or any deferred annuity contract or certificate issued by the Company in the United States during the Class Period pursuant to an individual sale[.]" Ex. D, Stipulation of Settlement at ¶ 25.  The Class Period runs from January 1, 1982, through December 31, 1997, inclusive. Id. at ¶ 28.

fraudulently transfer of funds from older annuities into new annuities without plaintiffs' knowledge or authorization.  See Ex. H, Comp., ¶¶ 4-9.

14.     In light of their class membership, plaintiffs' claims are encompassed by the terms of the MDL Settlement, which released "any and all claims or causes of action – known or unknown – that were or could have been asserted in this action with respect to the Policies, and with respect to Annuities."  See Ex. C, Settlement Order, ¶ 12.A.1.

15.     Plaintiffs are bound by the terms of the MDL Settlement Agreement, and, as a result, plaintiffs are precluded from litigating claims arising from or relating to their annuities in another action.

16.     Regardless, plaintiffs are seeking to obtain additional relief on the annuities by means of the new action.  This relitigation of released claims is an affront to the MDL settlement, and it should be enjoined.

WHEREFORE, defendants respectfully request an Order from this Court, for the reasons set forth above and set forth in the supporting brief, (a) barring plaintiffs, his attorneys, representatives or anyone else acting or purporting to act on his behalf, from prosecuting any and all claims that relate to or involve facts and circumstances underlying the released transactions in the MDL; and (b) enforcing the terms of the MDL Settlement Agreement and Permanent Injunction and enjoining plaintiffs in the action captioned Joseph Citrino and Alynn Stolz Citrino, Husband and Wife, v. Metropolitan Life Insurance Company , et al., from asserting their claims.

Respectfully submitted,

B. John Pendleton, Jr., Esq.

4

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102

Dated:  March 15, 2006                    Attorneys for Defendants

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Brief in Support of Motion to Enforce Settlement Agreement has been served upon the following listed person by hand delivery addressed as follows:

Brian W. Banasiak, Esq.
MAYNARD, TRULAND & WARE, LLC
6 Dumont Place, 1st Floor
Morristown, New Jersey 07960

on this the 15th day of March, 2006.

Katie A. Gummer