IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: METROPOLITAN LIFE INS. CO.       Misc. Docket No. 96-179
SALES PRACTICES LITIGATION               MDL No. 1091

This matter relates to:
<u>Samuel Butler v.</u>
<u>Metropolitan Life Ins. Co.</u>,
Case No. 8-35540 CA 13
Circuit Court of the 11th Judicial
Circuit, Miami-Dade County,
Florida Civil General

## OPINION AND ORDER

### OPINION

Before the Court is Plaintiff's Motion for Reconsideration of this Court's Order dated October 13, 2009, which found that the class settlement barred him from pursuing Count I of a three-count complaint pending in district court in Florida (the "Florida complaint")  In Count I of his Florida complaint, Plaintiff avers that he was issued a policy in 1985, which was wrongfully allowed to lapse in 2003.  The pertinent settlement and release documents were entered in 1999.[1]

Motions for Reconsideration arise under Fed. R. Civ. P. 59(e).

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A judgment may be altered or amended if the party seeking reconsideration establishes…the need to correct a clear error of law or fact or to prevent manifest injustice."

---

[1] The Final Order Approving Class Settlement was entered on December 26, 1999, and the Stipulation of Settlement on August 18, 1999; the Findings of Fact and Conclusions of Law on December 28, 1999.

Leer Elec., Inc. v. Pa. Dep't of Labor & Indus., 2009 U.S. Dist. LEXIS 96179.

The Order under consideration relied, primarily, on the definition of Released Transactions as "any and all claims arising out of, concerning, or in any way relating to the....retention of any Policy," of the settlement class as including those with an ownership interest in any "Policy" between January 1, 1982 and December 31, 1997, and that the term "Policy" referred to any permanent life insurance policy in which a class member had an ownership interest during the pertinent 1982 - 1997 time period.

Plaintiff, however, now points to this Court's Findings of Fact and Conclusions of law, part of the relatively lengthy documentation entered in connection with the class settlement.  In particular, Plaintiff points to the statement that the Release "generally bars Class members from asserting in any other lawsuit or proceeding any of the claims that have been or could have been asserted in this action," which, as Plaintiff asserts, contemplates only causes of action arising pre-settlement.  Additionally, although neither party points to this provision, the Release and Final Order further state that nothing in the Release should be deemed to alter "a Class Member's right to assert any claim that independently arises from acts, facts or circumstances arising after the end of the Class Period."[2]

---

[2]This principle is echoed elsewhere on the docket.  For example, the Stipulation of Settlement states that "[class members] shall release and discharge the Releasees from any and all claims or causes of action – known or unknown – that were or could have been asserted in this Action with respect to Policies..."   Wrongdoing occurring after the settlement date could not have been asserted therein.

The timing of policy ownership may be determinative of inclusion in the settlement class, but is not necessarily determinative of inclusion in the settlement as a whole.  As Plaintiff correctly notes, that timing does not determine whether a class member asserts a "Released Transaction."  The settlement documents indicate that the parties did not intend to release future claims, not yet in existence, based on post-settlement conduct – as opposed, for example, to claims that arose, but were unknown, prior to settlement.  While the settlement and release language is quite broad, it does not bar claims such as that asserted by Plaintiff in Count I of the Florida complaint at issue.[3]  Accordingly, in order to prevent manifest injustice, I will grant Plaintiff's Motion, and vacate my previous Order.

An appropriate Order follows.

---

[3] Should it become apparent that Plaintiff's claim relies on Defendant's pre-settlement conduct, however, Defendants may revisit the issue.

**ORDER**

AND NOW, this 10th day of December, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Reconsideration (Docket No. [1097]) is GRANTED, and this Court's Order and Opinion dated October 13, 2009, is vacated, solely to the extent that it granted Defendant's Motion to Enforce Settlement Agreement.  It is further ordered that the MDL settlement at issue does not bar Plaintiff, in any respect, from proceeding with the action captioned <u>Butler v. Metropolitan Life Ins. Co.</u>, 08-35540 CA 13, pending in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida.

BY THE COURT:

<u>/s/Donetta W. Ambrose</u>

Donetta W. Ambrose

Judge, United States District Court